**SUMMONS ISSUED**

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x<br>EQUAL EMPLOYMENT OPPORTUNITY<br>COMMISSION,<br><br>                Plaintiff,<br><br>   - against -<br><br>THE SCOOTER STORE – LEVITTOWN, LLC,<br>and THE SCOOTER STORE, INC.<br><br>                Defendants.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | FILED<br>IN CLERK'S OFFICE<br>US DISTRICT COURT E.D.N.Y.<br><br>★ AUG 31 2011 ★<br><br>BROOKLYN OFFICE<br><br>COMPLAINT<br><br>ROSS, J.<br>POHORELSKY, M.J.<br><br>JURY TRIAL DEMAND<br><br>**CV 11 - 4226** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and provide appropriate relief to James Sherman, who was affected by such unlawful practices. As alleged with greater specificity below, the Equal Employment Opportunity Commission ("Commission") charges that Defendant The Scooter Store – Levittown, LLC and Defendant The Scooter Store, Inc. (collectively "Defendants") failed to provide James Sherman a reasonable accommodation for his disability and discharged him because of his disability in violation of the ADA.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. The alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the Eastern District of New York.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorize to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant The Scooter Store – Levittown, LLC has continuously been a New York corporation and Defendants have continuously done business in the State of New York, the county of Nassau, and have individually and/or jointly continuously had at least 15 employees.

5. At all relevant times, Defendants have been employers engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5) and Section 107(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendants have been covered entities under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than 30 days prior to the institution of this lawsuit, James Sherman ("Sherman") filed a charge of discrimination with the Commission alleging violations of the ADA by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. In April 2009, Defendants engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a) and (b) by failing to provide Sherman with a reasonable accommodation for his disability and terminating him because of his disability.

9. As reflected in his performance, personnel file, and evaluation, Sherman was qualified to perform the essential functions of his job as a mobility manager with Defendants.

10. Sherman has a physical impairment, psoriatic arthritis, which has substantially limited him in the major life activities of walking and musculoskeletal function.

11. Prior to Sherman's discharge, Defendants had notice of Sherman's physical impairment and his limitations.

12. In April 2009, Sherman informed Defendants that he required a temporary leave of absence as a reasonable accommodation for his disability.

13. This reasonable accommodation would have enabled Sherman to perform the essential functions of his job as a mobility manager with Defendants.

14. In April 2009, Defendants failed to reasonably accommodate Sherman's disability and discharged him on April 13, 2009.

15. The effect of the practices complained of above has been to deprive Sherman of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability resulting in emotional pain, suffering, and inconvenience for Sherman and the deprivation of the financial and other benefits of working for Defendants.

16. The unlawful employment practices complained of above were intentional.

17. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Sherman.

## **PRAYER FOR RELIEF**

Therefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in employment practices which discriminate on the basis of disability.

B.  Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities and which eradicate the effects of their past and present unlawful employment practices.

C.  Order Defendants to make whole Sherman by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices including, but not limited to, front pay and reinstatement.

D.  Order Defendants to make whole Sherman by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

E.  Order Defendants to make whole Sherman by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above including, but not limited to, emotional pain, suffering, humiliation, and inconvenience in amounts to be determined at trial.

F.  Order Defendants to pay Sherman punitive damages for Defendants' malicious and reckless conduct described above in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

>Respectfully submitted,
>
>P. David Lopez
>General Counsel
>
>James L. Lee
>Deputy General Counsel
>
>Gwendolyn Y. Reams
>Associate General Counsel
>
>EQUAL EMPLOYMENT OPPORTUNITY
>COMMISSION
>131 M Street, N.E.
>Washington D.C. 20507
>
>*Elizabeth Grossman*
>Elizabeth Grossman
>Regional Attorney
>
>*Nora E. Curtin*
>Nora E. Curtin
>Supervisory Trial Attorney
>
>*Adela Santos*
>Adela Santos
>Trial Attorney
>
>EQUAL EMPLOYMENT OPPORTUNITY
>COMMISSION
>New York District Office
>33 Whitehall Street, 5th Floor
>New York, N.Y. 10004
>(212) 336-3695
>(212) 336-3623 (Facsimile)
>adela.santos@eeoc.gov

5